UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

VICTOR HUGO RAMIREZ DELGADO,   )
                               )
            Petitioner,      )
                               )
          v.          )    No. 2:26-cv-00231-JPH-MKK
                               )
BRISON SWEARINGEN in his official   )
capacity as Sheriff of the Clay County   )
Justice Center, *et al.*,           )
                               )
        Respondents.    )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Victor Hugo Ramirez Delgado is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on March 28, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Ramirez Delgado now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 12; dkt. 7 at 14.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on April 10, 2026**, Respondents must either: (1) afford Mr. Ramirez Delgado an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ramirez Delgado from custody, under reasonable conditions of supervision.

1

## I.    Background

Mr. Ramirez Delgado is a Mexican citizen who has resided in the United States for approximately 20 years. Dkt. 1 ¶¶ 46–47. On March 28, 2026, ICE officers arrested him pursuant to an I-200 Warrant for Arrest of Alien at the Shelby County Jail in Indiana. Dkt. 6-1 at 5, 7. The warrant specifically mentions section 236 of the Immigration and Nationality Act (INA), which is codified at 8 U.S.C. § 1226. *See id.* at 5. On the same day, he was placed in full removal proceedings and served with a Notice to Appear. *Id.* at 1–4.

The Notice to Appear charges Mr. Ramirez Delgado with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i) as not possessing necessary documents. *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

## II.    Discussion

Mr. Ramirez Delgado claims that his current detention violates the INA (Count I), applicable bond regulations (Count II) and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶¶ 51–75. Respondents argue that Mr. Ramirez Delgado is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that no bond regulations were violated; and that Mr. Ramirez Delgado's detention is constitutional. Dkt. 6.

The Court finds that Mr. Ramirez Delgado's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing.

Because Mr. Ramirez Delgado is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.

## A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond

3

hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien

4

present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Ramirez Delgado Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Ramirez Delgado is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Ramirez Delgado who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation

5

and practice.[1] *See, e.g., Alejandro*, 2025 WL 2896348, at \*14–19.

The Respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). Dkt. 6 at 10–11 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that " in the context of the statute the two phrases are synonymous." No. 25-3248, 2026 WL 819258, \*3 (8th Cir. Mar. 25, 2026)).

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and *Avila* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[2] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro*, 2025 WL 2896348, at \*14–19; *Jackson Rizo*, No. 2:26-cv-00026-JPH-MKK, and *Corzo Martinez*, No. 2:26-cv-00003-JPH-MKK.

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at \*2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Ramirez Delgado, *i.e.*, arresting him inside the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226. Given the government's treatment of Mr. Ramirez Delgado, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Furthermore, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 166 F.4th at 500 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). In *Avila*, the petitioner was served with a Notice to Appear, but the record is silent as to whether he was arrested pursuant to an administrative warrant. *Avila*, No. 25-3248, 2026 WL 819258, at *1. These facts are also different from the facts presented in *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961,

2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), *withdrawn & superseded*, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference. Unlike Mr. Cruz Rodriguez, who was subjected to a warrantless arrest, Mr. Ramirez Delgado was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez, Avila*, and *Cruz Rodriguez* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Ramirez Delgado's detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief.

### III.    Scope of Relief

Mr. Ramirez Delgado is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Ramirez Delgado requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 12; dkt. 7 at 14. Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Ramirez Delgado's immediate release and instead orders Respondents to provide him an

8

individualized bond hearing as required by § 1226(a) and its regulations. This is because it is not Mr. Ramirez Delgado's detention itself that is unlawful; it is his detention *without a bond hearing* that violates the law. Thus, the remedy appropriate to the violation is to provide him with that bond hearing.

## IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on April 10, 2026**, Respondents must either: (1) provide Mr. Ramirez Delgado with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ramirez Delgado from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on April 13, 2026**, Respondents must file documentation certifying that they have provided Mr. Ramirez Delgado with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 4/8/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

9